

# Missouri Court of Appeals
## Southern District

In Division

| | | |
|---|---|---|
| IN RE THE MARRIAGE OF: | ) | |
| BRIAN FLOOD and HOLLY JESSICA | ) | |
| FLOOD, | ) | |
| | ) | |
| BRIAN FLOOD, | ) | |
| | ) | |
| Respondent, | ) | No. SD38517 |
| | ) | |
| v. | ) | **Filed:** March 12, 2025 |
| | ) | |
| HOLLY JESSICA FLOOD, | ) | |
| | ) | |
| Appellant. | ) | |

APPEAL FROM THE CIRCUIT COURT OF PEMISCOT COUNTY

Honorable William W. Carter, Judge

### **Opinion on Motion for Rehearing or to Transfer to Supreme Court**

Holly Jessica Flood ("Appellant") seeks a motion for rehearing, or in the alternative, transfer to the Supreme Court, on the grounds that our dismissal of her appeal for failure to comply with Rule 84.04's briefing requirements conflicts with Rule 84.08(a) and ***Goldsby v. Lombardi***, 559 S.W.3d 878, 882 (Mo. banc 2018). Because we dismissed

Appellant's appeal for briefing deficiencies rather than a failure to perfect her appeal, Rule 84.08(a) and *Goldsby* are inapplicable.[1]

Rule 84.08(a) grants this Court the right to dismiss an appeal when the appellant fails to perfect its appeal in some manner (*e.g.*, not filing the record on appeal in a timely manner, not filing the appellate brief in a timely manner). This rule states:

> After the timely filing of a notice of appeal, if the appellant fails to take the further steps required to secure review of the appeal within the periods of time allowed or as extended, the clerk shall place the case on a dismissal docket. The clerk shall notify all parties that the appeal will be dismissed unless the appellant remedies the default before a specified date. The date shall not be less than 15 days from the date of the notice. If the default is not remedied by that date, an order of dismissal shall be entered.

In *Goldsby*, the Supreme Court of Missouri applied this rule and found the appellate court erred in dismissing an appeal where the appellant initially failed to file the docket fee with the notice of appeal but remedied the defect by paying the fee within 15 days. *Id.* at 885.

But a dismissal for briefing deficiencies is different than a dismissal for a failure to perfect an appeal. An appellate court may dismiss an appeal for briefing deficiencies and there is no requirement that the appellant be given an opportunity to cure those defects prior to dismissal. *See City of Harrisonville v. Missouri Dept. of Nat. Res.*, 681 S.W.3d 177, 184 (Mo. banc 2023).

> This Court has an obligation to create and maintain a level playing field for all parties. One of the surest ways to do this is to consistently enforce this Court's simple, straightforward rules governing points relied on.

*Id.* at 183. Excusing an appellant's failure to follow Rule 84.04(d)'s "simple, mandatory format" would require us to abandon the role of neutral arbiter and, instead, condone

---

[1] All rule references are to Missouri Court Rules (2024).

improper briefing.  *City of Harrisonville*, 681 S.W.3d at 181.  Because we dismissed Appellant's appeal for failing to comply with the briefing requirements of Rule 84.04 rather than a failure to perfect her appeal, neither Rule 84.08(a) nor *Goldsby* apply.  Appellant's motion is denied.

MARY W. SHEFFIELD, J. – OPINION AUTHOR

JEFFREY W. BATES, J. – CONCURS

MATTHEW P. HAMNER, J. – CONCURS